UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI ARNALDO COLORADO, | No. 1:26-cv-04574-DAD-JDP |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| WARDEN GOLDEN STATE ANNEX, | |
| Respondents. | |
| | (Doc. Nos. 1, 3) |

On June 15, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.) Also on June 15, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

1

Petitioner, a native and citizen of Venezuela, entered the United States on an unknown date, was detained by immigration officials, and released on his own recognizance on April 11, 2023.  (Doc. No. 1-1 at 2.)  On April 26, 2024, petitioner was granted Temporary Protected Status for Venezuela, which was valid through April 2, 2025.  (Doc. No. 1-2 at 2.)  On April 16, 2026, petitioner was stopped while driving to work and taken into immigration custody without explanation.  (Doc. No. 1 at ¶ 32.)  Petitioner has not been provided with an opportunity to challenge his re-detention.  (*Id.* at ¶¶ 33–35.)

On June 15, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 7.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*Id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents have not attempted to distinguish this case from the circumstances addressed by the orders cited in the court's order (Doc. No. 6), which the court construes as a concession that this case is not substantively distinguishable from those previously decided.

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

        a.      Respondents are ORDERED to immediately release petitioner Sandi Arnaldo Colorado, A-File No. 246-676-158, from respondents' custody on the same conditions he was subject to prior to his re-detention on April 16, 2026;

2

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2.    Petitioner's motion for temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him *habeas* relief;

3.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Center; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 17, 2026**                  _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE